UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME HERRERA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br><br>TERESA CISNEROS, Warden,<br><br>　　　　　Respondent. | 1:22-cv-00703-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION FOR STAY<br><br>[Doc. 2] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition on June 10, 2022, challenging his 2017 conviction in Kern County Superior Court for multiple sex offenses. (Doc. 1.) Petitioner also filed a motion to stay and hold the petition in abeyance pending exhaustion of additional claims pursuant to Rhines v. Weber, 544 U.S. 269, 277 (2005). As discussed below, the Court will recommend that the motion for stay be denied.

**DISCUSSION**

A district court has discretion to stay a mixed petition and allow the petitioner to return to state court to exhaust his state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.1997). The Supreme Court has held that this discretion is circumscribed by the

1

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Rhines, 544 U.S. at 277.  In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are potentially meritorious, and the petitioner did not intentionally engage in dilatory litigation tactics.  Id. at 277-78.

"[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure."  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).  "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust."  Id.  Petitioner alleges that because the nature of his case, he had difficulty finding someone to assist him.  He also claims he personally tried to investigate his case diligently.  Petitioner provides no evidentiary support for his contentions and how they caused him to be unable to seek relief in the state courts before filing his federal petition.  He provides no evidence of his attempts to research his claims, or why it took him until the expiration of the statute of limitations to discover his claims or enlist the assistance of another inmate.  "[A] bald assertion cannot amount to a showing of good cause. . . ."  Id.  Petitioner's claim that he relies on a jailhouse lawyer is also unavailing.  Petitioners are not entitled to counsel in state habeas proceedings.  Petitioner's situation is no different than most other inmates seeking habeas relief.

In addition, Petitioner has not shown the additional claims to be potentially meritorious.  He claims that trial counsel rendered ineffective assistance by failing to call witnesses, denying him the right to testify, failing to present meritorious evidence, and failing to exclude juror bias.  He also faults appellate counsel for failing to discover these claims.  All of the claims are conclusory as Petitioner simply lists his claims and provides no argument or evidentiary support.

Finally, Petitioner fails to show he did not engage in dilatory tactics.  Petitioner has never presented his unexhausted claims to the state courts.  He offers no reasonable excuse for delaying 14 months without even attempting to pursue his state remedies, such as by filing a state court habeas petition with his exhausted claims.

For the foregoing reasons, the Court does not find good cause to grant a motion for stay.  The Court will recommend the motion be denied.

**ORDER**

Accordingly, the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the motion for stay be DENIED. This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __June 14, 2022__          /s/ *Sheila K. Oberto*
                                  UNITED STATES MAGISTRATE JUDGE